| STATE OF LOUISIANA | * | NO. 2021-K-0230 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DARIAN BROWN | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 551-138, SECTION "A"
Honorable Laurie A. White, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

**LOBRANO, J., CONCURS IN THE RESULT**

Elisabeth Ford Sgro
Orleans Public Defenders
2601 Tulane Ave., Ste. 700
New Orleans, LA 70119

     COUNSEL FOR RELATOR/DEFENDANT

Jason Rogers Williams
District Attorney
G. Benjamin Cohen
Chief of Appeals
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR RESPONDENT/STATE OF LOUISIANA

**WRIT GRANTED, REVERSED**

**April 27, 2021**

*RBW*

*SCJ*

This Court is in receipt of an emergency supervisory writ filed by Relator-Defendant, Darian Brown. The issue before this Court, is whether the district court has the authority to assign a specific attorney to represent an indigent defendant.

## Factual/Procedural Background[1]

On December 3, 2020, Relator-Defendant was charged by bill of information with two counts of battery on a dating partner in violation of La. R.S. 14:34.9 and two counts of violation of protective orders while committing a battery in violation of La. R.S. 14:79(C)(1) against Ms. Linda Williams ("Ms. Williams"). The Orleans Public Defenders Office ("OPD") was appointed to represent Relator-Defendant.

Separately, Ms. Williams faces a pending charge of aggravated battery in violation of La. R.S. 14:34 against Defendant-Relator. No bill of information has

---

[1] The information is based on the application and exhibits filed with the current writ.

been filed and a rule to show cause is scheduled for June 5, 2021. On April 6, 2021. OPD was appointed to represent Ms. Williams.

OPD, in anticipation that both parties would remain indigent and require the continued services of OPD, made provisional assignments. Ms. Williams was assigned OPD attorney Mark Balfe, and Mr. Brown was assigned to OPD's conflict panel.

On April 19, 2021, Relator-Defendant appeared for his arraignment and the district court affirmed the magistrate court's finding of indigency and requested a public defender represent him. The district court was informed that Defendant-Relator would be assigned an attorney from the conflict panel. The State informed the district court that Ms. Williams' charges were still pending in magistrate court and were neither accepted nor refused by the State.

The district court determined there was no conflict of interest because Ms. Williams had yet to be indicted and therefore there was no need to appoint the conflict panel; consequently, the district court ordered an OPD staff attorney rather than a conflict attorney to represent Relator-Defendant.

From this decision by the district court, OPD orally noticed its intent to seek a writ. The district court set a return date of Friday, April 23, 2021 at 4:00 p.m.

This writ followed.

### Analysis

A criminal defendant has a constitutional right to effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution and Article 1, § 13 of the Louisiana Constitution. *Strickland v. Washington,* 466 U.S. 668, 680; *State v. Peart,* 621 So.2d 780, 783 (La. 1993). Included in this constitutional right is the right to be represented by conflict-free counsel. *State v.*

2

*Singleton*, 2015-1099, p. 13 (La. App. 4 Cir. 5/25/16), 216 So. 3d 985, 993 (citation omitted). Conflicts arise in cases where an attorney is appointed to jointly represent defendants in the same matter. *Id*. "As a general rule…, Louisiana courts have held that an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant she is representing. *State v. Cisco*, 2001-2732, p. 17 (La. 12/3/03), 861 So. 2d 118, 129 (citing *State v. Franklin*, 400 So.2d 616, 620 (1981)), *See also* La. Rules of Prof'l Conduct R. 1.7(a)(2).[2] "In a pretrial context, regardless of how the conflict of interest issue arises, the trial court has two options to avoid a conflict of interest: appoint separate counsel or take adequate steps to ascertain whether the risk of a conflict of interest is too remote to warrant separate counsel." *Id*. at 130 (citing State v. Tart, 94-0025, p. 19-20 (La. 2/9/96), 672 So.2d 116, 125. Failure to do one or the other requires reversal. *Id* (citing *Holloway v. Arkansas*, 435 U.S. 475, 480 (1978); *State v. Carmouche,* 508 So.2d 792, 805 (La. 1987)).

In the current case, OPD has an *actual* conflict because the two defendants are at odds with each other given that both sets of charges list either defendant as the aggrieved party. Once the district court was made aware of the conflict, it had a choice to either assign separate counsel or adequately determine whether the risk was so remote that a conflict was unlikely to warrant separate counsel. The district court failed to perform either of these tasks. Specifically, the district court denied the appointment of the conflict panel without stating why the risks were so remote that the appointment of the conflict panel was unnecessary. Specifically, the

---

[2] [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

district court stated at arraignment[3], "You all are making decisions without judges to determine who represents someone, and I'm not allowing it. If it's only an appointment at Magistrate then you all cannot direct what judges can and who they can appoint." The district court seemingly reasoned that the initial appointment at the magistrate level had ended, and since Ms. Williams was yet to be indicted, OPD had not been appointed and therefore, no conflict existed. The district court further offered its opinion that OPD was attempting to unload its casework using conflicts as an excuse.[4] Ultimately, the district court stated there was no conflict and continued with the arraignment and bond hearing appointing OPD, who objected to the appointment. The district court abdicated its responsibility to determine the extent of the conflict in favor of pushing forth its own agenda regarding how OPD should operate.

This Court is not satisfied with the district court's reasoning that representation ended at the magistrate level and therefore there is no conflict because Ms. Williams has not been indicted. OPD made a reasonable determination that should the indictment be handed down, that office would be appointed and a conflict would be created. It was not unreasonable for OPD to make an assessment of the charges and preemptively appoint the conflict panel to avoid unjust delays in Relator-Defendant's trial. Both parties have already been represented by OPD, and until Ms. Brown's charges are either accepted or rejected by the State, the OPD attorney appointed for her at the magistrate level, remains her counsel. As stated in *Cisco*, "**regardless** of how the conflict of interest issue

---

[3] Per the transcript submitted in the application to this court.
[4] The court stated at arraignment, "[Y]ou all want us judges to accept that it's a conflict, and other lawyers get the case," and "… you all are finding new ways to put the criminal defense bar out of business. That's really what's going on."

4

arises…" the district court has two options, appoint new counsel or determine that the risk of conflict is so remote that separate counsel is not necessary. 861 So.2d at 130 (emphasis added). *Cisco*, makes the point that the district court's duty is triggered by the conflict itself and not how the conflict manifests. Neither *Cisco*, nor any other jurisprudence, has created a rule stating a conflict exists only if both parties are at the arraignment phase. This Court finds that OPD representing two parties in the same matter, even though the parties are in different phases of their cases, constitutes a conflict of interest such that the representation of one client would be directly adverse to the representation of another client such that separate counsel is warranted in the interest of fair representation.

The district court further erred in its reasoning stating that judges have a say in who will represent a defendant beyond the appointment of OPD or the conflict panel. While the district court should be aware of conflicts of interest and act in the best interest of defendants, it must not run afoul of a. R.S. 15:142(B)(2) which provides that the public defender system must be free from judicial interference. *See State v. Brasley*, 2009-1847 (La. 8/24/09), 17 So. 3d 941.[5] OPD has a statutory and ethical obligation to avoid conflicts of interest, and with that obligation is invested with the autonomy to determine how best to represent indigent defendants when a conflict arises. *See Id.* "The autonomy afforded the public defender's office to provide indigent defense counsel militates against the ruling by the trial court …

---

[5] Per the writ application filed in *Brasley*, the district court removed Defendant Brasley's assigned conflict attorney and appointed OPD to represent the defendant. The defendant sought supervisory review. This Court denied the writ. The Louisiana Supreme Court granted the writ and reversed the district court.

appointing … the Orleans Public Defender's Office to represent defendant." *State v. Lewis*, 2009-1978 (La. 9/23/09), 18 So. 3d 67 (citing *Brasley*, 17 So.3d 941).[6]

The administration of the court proceedings is within the purview of the judge. The administration of representation is within the purview of the lawyers. *See* Louisiana Public Defender Act, La. R.S. 15:141 *et seq*. Judges cannot legislate from the bench; if the district court has an issue with the autonomy granted OPD in assigning attorneys, the legislature is the proper venue in which to address that. By refusing to allow for the appointment of a conflict attorney, the district court overstepped its authority and failed in its duty to protect Defendant's sixth amendment right to conflict-free counsel.

### Conclusion

For the foregoing reasons, we grant the writ and reverse the ruling of the district court.

**WRIT GRANTED, REVERSED**

---

[6] Per the writ application filed in *Lewis*, the district court removed the conflict attorney and appointed OPD because the State refused to charge the codefendant and thus eliminated any potential conflict. The Louisiana Supreme Court granted the writ and reversed the district court's appointment.